# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    -v-                                            Case No. 03-C-168
                                                      (00-CR-202)

**RICKEY J. WILLIS,**

        **Movant.**

## DECISION AND ORDER

Before the Court is Rickey Willis's motion to correct his sentence pursuant to 28 U.S.C. § 2255. He bases his motion on three claims, all of which are without merit.

Willis is currently serving a 210 month federal sentence for knowingly and intentionally distributing 50 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Willis argues in his § 2255 motion that his sentence should be reduced due to the allegedly ineffective assistance of counsel that he received at his sentencing hearing. He also asks the Court to reconsider his sentence in light of the Supreme Court's decisions in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000) and *Blakely v. Washington*, 124 S.Ct. 2531(2004). The Court will address each of these claims in turn.

    I.    <u>Ineffective Assistance of Counsel Claims</u>

Willis makes two claims of ineffective assistance of counsel. First, he argues that his attorney misadvised him about how he should testify at his sentencing hearing, which

cost him a three-point reduction for acceptance of responsibility. Second, Willis alleges that his counsel failed to investigate his criminal history, which resulted in Willis receiving an additional criminal history point.

To show that he received ineffective assistance of counsel in violation of his Sixth Amendment right, Willis must show both that his counsel's performance was deficient, and that those deficiencies prejudiced Willis. *See Griffin v. Camp*, 40 F.3d 170, 173 (7th Cir. 1994). Establishing an ineffective assistance of counsel claim is a difficult task for § 2255 movants, and thus, few such motions will be successful. *Id.*

  A. Willis's Claim for a Three Point Reduction for Acceptance of Responsibility

At Willis's sentencing hearing, he testified that a gun that was found in his residence was not his nor was it used in any of his drug dealing schemes. In addition, Willis also denied, under oath, that he owned the cocaine that was found in his basement. Willis now states, in his § 2255 motion, that his attorney advised him to make these denials in the hopes of preventing the enhancements that would accompany using a firearm and the additional drug quantity. This advice, according to Willis, was objectively unreasonable because, not only did the Court discount his testimony, but his denials also prevented him from getting a three point reduction for acceptance of responsibility. In other words, Willis is arguing that his attorney should have advised him to answer differently than he did under oath regarding whether he owned the relevant firearm and cocaine.

2

Without even reaching the question of whether Willis's counsel can be blamed for what Willis chose to assert while under oath, Willis's claim must be dismissed. Even if it were ineffective assistance of counsel, it did not prejudice Willis. The Court, at the sentencing hearing, specifically found that Willis was not entitled to an acceptance of responsibility reduction because Willis also denied that he had any dealing with the government's chief witness, Rex Hylton, before the first sting operation. The Court stated:

> [The Court made] a finding that it was clearly a frivolous challenge that Mr. Hylton did have dealings with Mr. Willis before this first sting operation. That clearly is if not a false denial, it surely is a frivolous contest of that particular fact.
>
> Now as to that and that alone the Court would have to find that's really not an acceptance of responsibility qualifying Mr. Willis for these points because as the Court started out, these remarks on acceptance of responsibility is if something detracts – if something indicates to the Court that he's not eligible for and doesn't deserve them, he shouldn't get them and the Court isn't going to give those points to Mr. Willis based upon that analysis.
>
> (Tr. 113)

Willis, in his § 2255 motion, does not argue that his attorney unreasonably advised him to deny he had any dealings with Rex Hylton prior to the first sting operation. Yet, the Court's decision to deny Willis's request for an acceptance of responsibility reduction was based on that denial. Thus, the advise his counsel allegedly gave him regarding whether Willis ought to deny ownership of the gun and cocaine did not prejudice Willis,

3

and the lack of prejudice necessarily defeats his ineffective assistance of counsel claim. *See Stickland v. Washington*, 466 U.S. 668, 694 (1984).

      B.      <u>Failure to Investigate Former Conviction</u>

At sentencing, Willis was given an additional criminal history point for his municipal retail theft conviction that occurred on July 12, 1992. He claims that his attorney should have investigated further to demonstrate that he was not convicted of that crime. Because his attorney did not further investigate, Willis argues he was denied effective assistance of counsel.

There is no reason for the Court to conclude that any further investigation by his counsel would have resulted in a different finding with regard to the 1992 retail theft conviction. As the government points out, Milwaukee Municipal Court records indicate that, not only did he plead no contest, but Willis also paid the fine that was imposed for his 1992 conviction. Furthermore, all Willis is able to provide, after his inquiries and investigation, is the same citation that the Court relied upon at sentencing as proof that he, in fact, was convicted of retail theft in July 1992. In other words, Willis simply cannot establish that he was prejudiced by his counsel's alleged lack of investigation, and thus, his claim must be dismissed.

4

II.     The *Apprendi* and *Blakely* Claims

Willis also contends that his sentence, which was imposed on May 4, 2001, violates the Supreme Court's holdings in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000) and *Blakely v. Washington*, 124 S.Ct. 2531(2004).

   A.     The *Apprendi* Claim

The Supreme Court in *Apprendi* held that facts, other than that of a prior conviction, which increase a punishment beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Apprendi*, 120 S.Ct. at 2362-63. Here, the crime Willis committed had a statutory maximum sentence of life in prison. *See* 18 U.S.C. § 841(b).[1] He was sentenced to 210 months imprisonment. As such, none of the Court's factual findings at the sentencing hearing increased his punishment beyond the prescribed statutory maximum, making the holding of *Apprendi* inapposite.

   B.     The *Blakely/Booker* Claim

Addressing Willis's *Blakely* claim, the Court concludes that it is without merit. The Supreme Court's decision in *Blakely* explicitly applied only to the state of Washington's sentencing scheme, not the federal guidelines. *Blakely*, 124 S.Ct. at 2538 n.9. As such, it is not applicable. However, the Supreme Court later applied its reasoning

---

[1] Willis pled guilty to count four of the indictment, which alleged that he knowingly distributed more than 50 grams of cocaine base in violation of 18 U.S.C. § 841(a). Such a violation imposes a sentence of "not less than 10 years or more than life . . . ." 18 U.S.C. § 841(b).

5

in *Blakely* to the federal sentencing guidelines in *United States v. Booker*, 125 S.Ct. 738 (2005), in which the Supreme Court held that every fact that increases a defendant's permissible sentence must be tried before a jury and proved beyond a reasonable doubt. The Supreme Court's ruling in *Booker*, though, is not retroactively applicable. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Willis was sentenced on May 4, 2001, nearly four years prior to the Supreme Court's decision in *Booker*. Thus, Willis's argument based on the reasoning of *Blakely* and *Booker* must also be dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Willis's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Docket #1) is **DISMISSED.**

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2005.

      **SO ORDERED,**

      **s/ Rudolph T. Randa**

      **HON. RUDOLPH T. RANDA**
      Chief Judge

6

Case 2:03-cv-00168-RTR   Filed 11/02/05   Page 6 of 6   Document 14